IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANDRE LEE JACOBS, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 14-276 Erie |
| | ) | |
| v. | ) | District Judge Gustave Diamond |
| | ) | Magistrate Judge Susan Paradise Baxter |
| NANCY GIROUX, et al., | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

Before the Court is a petition for a writ of habeas corpus filed by Andre Lee Jacobs pursuant to 28 U.S.C. § 2241. [ECF No. 6. See also Brief In Support of Petition, ECF No. 7]. The petition has not been served because the Court may dismiss it if it plainly appears on its face that Jacobs is not entitled to relief in habeas. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the U.S. District Courts, which also applies to § 2241 cases. That is the case here because this Court lacks jurisdiction over this case. Therefore, it is respectfully recommended that the petition be summarily dismissed.

**II.    REPORT**

      **A.     28 U.S.C. § 2255 Provides the Post-Conviction Remedy For Federal Prisoners**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 &

1

2255, confer federal jurisdiction over habeas petitions filed by federal inmates."[1] Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). A habeas corpus action pursuant to § 2241 must be brought in the custodial court – the federal district court in the district the prisoner is incarcerated – not the district court where the prisoner was tried and sentenced.

Importantly, § 2255 expressly prohibits a federal court from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255, which will be discussed in more detail below, is commonly referred to as the "savings clause," "safety valve," or "safety hatch."

---

[1] Although a motion under section 2255 is not technically a petition for a writ of habeas corpus, it is habeas corpus' practical substitute for federal prisoners. See, e.g., Davis v. United States, 417 U.S. 333, 343 (1974); Kaufman v. United States, 394 U.S. 217, 221-22 (1969).

2

B.  **Discussion**

On March 22, 2005, a grand jury returned a one-count indictment against Jacobs in United States v. Jacobs, No. 2:05-cr-64 (W.D. Pa.) charging that he "did knowingly and forcibly assault, resist, oppose, and impede and interfere with Deputy United States Marshals, namely, R. P. and D. B.... and did inflict bodily injury, while R. P. and D. B. were engaged in the performance of their official duties" in violation of 18 U.S.C. §§ III(a)(1) and (b). On April 26, 2006, following a three-day trial in the United States District Court for the Western District of Pennsylvania presided over by the Honorable Gustave Diamond, a jury found Jacobs guilty of the charged offense. Jacobs was determined to be a career offender pursuant to § 4B1.1(a) of the United States Sentencing Guidelines ("USSG") because, *inter alia*, he had at least two prior qualifying felony convictions of a crime of violence as defined in § 4B1.2(a) and (c). These convictions included an aggravated assault offense and a simple assault offense. Judge Diamond sentenced Jacobs to a term of imprisonment of 210 months, to be served concurrently with an undischarged state term of imprisonment. See docket for United States v. Jacobs, No. 2:05-cr-64 (W.D. Pa.). The United States Court of Appeals for the Third Circuit affirmed Jacobs' conviction in June 2008. United States v. Jacobs, 311 F.App'x 535, 538 (3d Cir. 2008).

Jacobs subsequently filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in which he raised claims not relevant to this case. On December 5, 2011, Judge Diamond issued an Opinion and Order in which he denied Jacobs' § 2255 motion on the merits. On February 24, 2012, the Court of Appeals for the Third Circuit denied Jacobs' application for a certificate of appealability. See ECF Nos. 128, 129 & 134 in United States v. Jacobs, No. 2:05-cr-64 (W.D. Pa.).

The 1996 amendments that the Antiterrorism and Effective Death Penalty Act ("AEDPA") made to § 2255 bar a federal prisoner from filing a second or successive § 2255 motion unless the appropriate

3

court of appeals certifies the filing contains a claim based on: (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). See also 28 U.S.C. § 2244(a).

In July 2014, Jacobs filed an application for authorization to file a second § 2255 motion with the Court of Appeals for the Third Circuit. In support, he cited the Supreme Court's recent decision United States v. Descamps, — U.S. — , 133 S.Ct. 2276 (2013) and argued, as he does in the § 2241 petition pending in this case, that he is "actually innocent" of the career offender enhancement based on the finding that he had two prior convictions for "crimes of violence." See Application in In re: Andre Jacobs, No. 14-3151 (3d Cir. July 2, 2014).

On August 29, 2014, the Court of Appeals for the Third Circuit issued an order in which it denied Jacob's application, holding:

> The foregoing application for leave to file a second or successive motion to vacate sentence under 28 U.S.C. § 2255 is denied. Petitioner has not made a prima facie showing that Descamps v. United States, 133 S.Ct. 2276 (2013), announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Descamps did not announce a rule of constitutional law and instead addressed an issue of statutory construction – i.e., the proper method for determining whether a prior conviction qualifies as a predicate offense for purposes of the Armed Career Criminal Act. The rule applied in Descamps also is not new because the Supreme Court in Descamps explained that it was not announcing a new rule, but was simply reaffirming the analytical approach required by Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005).

Order in In re: Andre Jacobs, No. 14-3151 (3d Cir. Aug. 29, 2014).

After the court of appeals denied his application to file a second or successive § 2255 motion, Jacobs filed the instant § 2241 habeas petition with this Court. (At the time of filing he was incarcerated

4

within the territorial boundaries of the Western District of Pennsylvania). He alleges, as he did in his application for authorization to file a second or successive § 2255 motion that he filed with the court of appeals, that his prior convictions no longer qualify as "crimes of violence." In support of this argument, he relies upon Descamps, and he also cites several Supreme Court cases that were available to him when he litigated his § 2255 motion, such as Begay v. United States, 553 U.S. 137 (2008). In addition, Jacobs argues that the District Court in his criminal case "lacked jurisdiction to impose a sentence that exceeds the eight year statutory maximum for the offense conviction because the indictment charged several objects in a single count which carries different sentence and the Court used a general verdict form in light of an intervening substantive reach of a federal statute." Petition, ECF No. 6 at ¶ 13.[2] In his accompanying brief, ECF No. 7, Jacobs contends that his case falls within § 2255's "savings clause" and, therefore, this Court has jurisdiction to consider his claims under § 2241. In support of this argument, he relies upon the Court of Appeals for the Third Circuit's decision in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

### C. Discussion

The claims that Jacobs is raising in his § 2241 petition are precisely the type that must be brought in a § 2255 motion before his sentencing court. However, as explained above, he cannot file another § 2255 motion because he has not received authorization from the court of appeals to do so. That does not mean that he can pursue his claims in a § 2241 habeas petition. He can only do that if this case falls within § 2255's "savings clause." That is, under the circumstances, is § 2255's remedy is "inadequate or ineffective to test the legality of [Jacobs'] detention[,]" 28 U.S.C. § 2255(e), thereby allowing him to utilize § 2241? It is Jacobs' burden to establish that the remedy under § 2255 is inadequate or ineffective.

---

[2] In support of this ground for relief, Jacobs relies upon Black v. United States, 561 U.S. 465 (2010), which also was available to him when he was litigating his § 2255 motion.

5

See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). Because he cannot meet his burden, the petition should be summarily dismissed.

It is only the extraordinarily rare case that falls within § 2255's savings clause, and this case is not one of them. In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the Court of Appeals for the Third Circuit recognized the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since AEDPA amended § 2255 in 1996 to include a one-year statute of limitations and the prohibition against the filing of second or successive motions. Although the court in Dorsainvil concluded that the circumstance presented in that case was the rare one in which a federal prisoner could challenge the validity of his conviction under § 2241, it expressly stated:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 *merely because that petitioner is unable to meet the stringent gatekeeping requirements of [AEDPA's amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.*

Dorsainvil, 119 F.3d at 251 (emphasis added). See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."); Gilbert v. United States, 640 F.3d 1293, 1308 (10th Cir. 2011) ("We join all other circuits in refusing to interpret the savings clause in a way that would drop the § 2255(h) bar on second and successive motions, defeat its purpose, and render it pointless.")

The petitioner in Dorsainvil, Ocsulis Dorsainvil, was convicted, *inter alia*, of using a gun in connection with a drug crime under 18 U.S.C. § 924(c)(1). He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated his first § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted (18 U.S.C. § 924(c)(1)) to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil applied to the Court of Appeals for the Third Circuit for authorization to file in the district court a second or successive § 2255 motion. The court had no choice but to deny his request because he could not satisfy AEDPA's gatekeeping requirements for the filing of a second or successive § 2255 motion.[3] It concluded, however, that under the circumstances, Dorsainvil had established that § 2255 was "inadequate or ineffective" to test the legality of his detention and, therefore, he could bring his claim in a § 2241 habeas corpus petition:

> A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "*if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255*." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely

---

[3] Although Bailey was a substantive rule that applied retroactively to cases on collateral review, Bousley v. United States, 523 U.S. 614, 620-21 (1998), the Supreme Court's decision in Bailey was one of *statutory construction*, and therefore did not constitute "a new rule of *constitutional law* . . . that was previously unavailable[.]" Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

7

have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").

The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."

There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

Dorsainvil, 119 F.3d at 250-51 (emphasis added).

The Court of Appeals for the Third Circuit subsequently described the narrow holding of Dorsainvil as follows: "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003).

Neither of Jacobs' claims meet the Dorsainvil criteria. In addition, the Court of Appeals for the Third Circuit has excluded from the ambit of Dorsainvil the type of sentencing-related claims that Jacobs is making in this case. In Okereke v. United States, 307 F.3d 117 (3d Cir. 2002), the petitioner

8

argued in a § 2241 habeas corpus petition that the sentence imposed upon him violated the Supreme Court's holding in Apprendi because the judge increased his sentence on the basis of drug quantity not found by a jury. The court of appeals rejected his argument, holding:

> Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. See Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). In In re Dorsainvil, we interpreted the statutory language providing that § 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is "inadequate or ineffective." 119 F.3d 245, 251 (3d Cir.1997). We found such a situation in In re Dorsainvil, where the petitioner was in the "unusual position" of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. Id. In short, Dorsainvil may have been convicted for conduct the Supreme Court in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), deemed not to be criminal. See id.
>
> The District Court held that Okereke's case fit within the narrow exception of In re Dorsainvil on the ground that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was an intervening change in law that Okereke could not have predicted and could not have used as the basis of a § 2255 motion. However, In re Dorsainvil was a rare situation. A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).
>
> - - -
>
> Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi *dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.* Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Id. at 121 (emphasis added).

In the non-precedential decision of McIntosh v. Shartle, 526 F.App'x 150 (3d Cir. 2013) (per curiam), the court of appeals relied on its holding in Okereke to reject the petitioner's argument that the decision in Begay permitted him to utilize § 2255's savings clause so that he could challenge the sentenced imposed upon him. The court held:

9

> McIntosh has not shown that a § 2255 motion would be inadequate or ineffective…. [He] is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding that a petitioner is barred from proceeding under § 2241 because his argument was based on sentencing and did not render the crime he was convicted of not criminal).

McIntosh, 526 F.App'x at 152. The court of appeals reached the same conclusion in another non-precedential decision, Scott v. Shartle, 574 F.App'x 152 (3d Cir 2014). In that case, it relied upon the holding in Okereke and held: "[B]ecause [the petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241." Scott, 574 F.App'x at 155. See also Jackman v. Shartle, 535 F.App'x 87, 89 n.4 (3d Cir. 2013) (citing Dorsainvil and rejecting a federal prisoner's contention that his § 2241 case fell within § 2255's savings clause; noting, *inter alia*, that Descamps "[did] not render conduct for which [the petitioner] was convicted non-criminal and, thus, [Petitioner] has not shown that a § 2255 motion is inadequate or ineffective."); United States v. Kenney, 391 F.App'x 169, 172 (3d Cir. 2010) (citing Okereke for the proposition that "[s]ection 2241 is not available for intervening changes in the sentencing law.").

Based upon all of the foregoing, the Court must conclude that this case cannot fall within the narrow "savings clause" exception set forth in Dorsainvil.[4] Because this case does not present the rare

---

[4] The Court recognizes that Dorsainvil does not answer the question of whether the circumstance the Court of Appeals for the Third Circuit confronted in that case is the *only* situation in which a petitioner may be able to establish the adequacy or ineffectiveness of § 2255's remedy. 119 F.3d at 252 ("Our holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one. In the posture of the case before us, we need go no further to consider the other situations, if any, in which the 'inadequate or ineffective' language of § 2255 may be applicable."). However, it is as of this date the only circumstance recognized by the Court of Appeals for the Third Circuit since the enactment of AEDPA, and there is nothing about Jacobs' case that justifies recognizing any exception in addition to the narrow rule in Dorsainvil.

situation rendering § 2255 inadequate or ineffective, this Court does not have jurisdiction and the petition should be summarily dismissed.[5]

## III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the amended petition for a writ of habeas corpus be summarily dismissed.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Jacobs is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated:  April 8, 2015                         /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge

---

[5] 28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. <u>United States v. Cepero</u>, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by <u>Gonzalez v. Thaler</u>, 132 S.Ct. 641 (2012). As such, the Court should make no certificate of appealability determination in this matter.