IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDRE LEE JACOBS, )
 )
        Petitioner, )
 ) Civil Action No. 14-276E
v. )
 ) Judge Gustave Diamond
SUPERINTENDENT NANCY GIROUX, ) Magistrate Judge Susan Paradise Baxter
UNITED STATES ATTORNEY GENERAL, )
UNITED STATES ATTORNEY )
 )
        Respondents. )

## MEMORANDUM AND ORDER OF COURT

This case has been returned to this court on remand from the United States Court of Appeals for the Third Circuit for a determination as to whether an "Affidavit of Timeliness" attached to an untimely notice of appeal should be construed as a motion to re-open the time to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure and, if so, whether to grant it. Because *pro se* filings are to be construed liberally, the court finds that the "affidavit of timeliness" is sufficient to qualify as a Rule 4(a)(6) motion. However, for the following reasons, petitioner's motion to re-open the time to file an appeal will be denied.

### Procedural History

On January 28, 2015, Andre Lee Jacobs ("petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. The case was assigned to United States Magistrate Judge Susan Paradise Baxter.[1]

---

[1] Petitioner originally signed a consent to jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. §636(c)(1). However, he later filed notice that he wished to withdraw his consent and the case was assigned to this member of the court. Pursuant to LCvR 2241(E), when a party

On April 8, 2015, Magistrate Judge Baxter filed a Report and Recommendation in which she recommended that petitioner's §2241 petition be dismissed summarily. After receiving petitioner's objections, and upon *de novo* review of the record, this court in a memorandum and order dated June 24, 2015, accepted in whole the findings and recommendations made in the Report and Recommendation and dismissed the §2241 petition. A separate judgment order in favor of the respondents also was entered by this court on June 24, 2015.

Under Federal Rule of Appellate Procedure 4(a)(1)(B), petitioner had 60 days after entry of the judgment to file a notice of appeal. Petitioner did not do so prior to the expiration of the allotted time on August 23, 2015. However, he subsequently sent a notice of appeal dated September 29, 2015, directly to the Clerk's Office. To that notice, petitioner attached an "affidavit of timeliness" in which he alleged that he did not receive this court's June 24, 2015, order until September 28, 2015. Despite its untimeliness, the Notice of Appeal was filed by the Clerk's Office on October 1, 2015.

By order dated March 18, 2016, and entered May 18, 2016, the Court of Appeals for the Third Circuit remanded this case to this court for a determination as to whether petitioner's "affidavit of timeliness" qualifies as a motion to re-open the time for filing an appeal pursuant to F.R.A.P. 4(a)(6) and, if so, whether to grant it.[2]

---

elects to have the case assigned to a District Judge, "the Magistrate Judge shall continue to manage the case by deciding non-dispositive motions and submitting reports and recommendations on the petition and on dispositive motions...."

[2] The remand order states that the appellate court "express[es] no opinion as to whether [petitioner's] affidavit is formally sufficient, or whether it meets the criteria for reopening the time to appeal under Rule 4(a)(6)."

2

Discussion

A notice of appeal in a civil case in which the United States is a party must be filed within sixty days of the entry of the contested judgment or order. F.R.A.P. 4(a)(1)(B). In this case, the order dismissing petitioner's §2241 petition and a separate judgment order both were entered on June 24, 2015. Accordingly, petitioner had 60 days from that date, or until August 23, 2015, to file a notice of appeal. However, his notice of appeal was not postmarked until September 28, 2015, well over 30 days beyond the time allowable under Rule 4(a)(1)(B).

The United States Supreme Court long has held that the taking of an appeal in a civil action within the prescribed time is "'mandatory and jurisdictional.'" Bowles v. Russell, 551 U.S. 205, 209 (2007) (citations omitted). Moreover, courts have "no authority to create equitable exceptions to jurisdictional requirements." Id. at 214. Accordingly, petitioner's failure to file a notice of appeal within the time period set by F.R.A.P. 4(a)(1)(B) is a jurisdictional defect that cannot be overcome unless he can establish that he meets the criteria of Rule 4(a)(6), which authorizes a district court to reopen the time period for filing a notice of appeal for a brief period under limited circumstances. Id. at 207.

Attached as an exhibit to petitioner's untimely notice of appeal was an "affidavit of timeliness" in which he alleges that he did not receive this court's order dismissing his §2241 notice until September 28, 2015. As a *pro se* litigant, petitioner is entitled to have his submissions liberally construed. Higgs v. Attorney General of the United States, 655 F.3d 333, 339 (3d Cir. 2011). Accordingly, the court liberally will construe petitioner's "affidavit of timeliness" as a motion to re-open the time to file an appeal pursuant to F.R.A.P. 4(a)(6).

3

However, defendant's status as a *pro se* party does not excuse him from complying with the applicable rules of procedure; rather, *pro se* litigants "must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). Accordingly, just as any other litigant, petitioner must establish that he meets all three conditions set forth in Rule 4(a)(6) in order to have the time to file an appeal reopened.

F.R.A.P. 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but *only if all* the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and, (C) the court finds that no party would be prejudiced.

(emphasis added).

Rule 4(a)(6) "provides a *limited* safety net for a litigant to preserve his or her appellate rights by striking a balance between the competing interests of protecting the finality of judgments, and providing relief to those whose appellate rights are compromised *through no fault of their own*." Cromwell v. Hancock, 2014 WL 5439783 at *3 (W.D. Pa. Oct. 24, 2014) (C.J. Conti) (emphasis added).

To be entitled to relief under F.R.A.P. 4(a)(6), petitioner first must show that he did not receive notice, under Rule 77(d) of the Federal Rules of Civil Procedure, within 21 days of the entry of the order from which he seeks to appeal. Rule 77(d)(1) dictates that immediately after entering an order or judgment, the clerk must serve notice of the entry as provided in Rule 5(b) of the Federal Rules of Civil Procedure. In turn, Rule 5(b)(2)(c) provides that a paper is served by

4

mailing it to the person's last known address – *in which event service is complete upon mailing.*" (emphasis added).

In this case, copies of the order dismissing petitioner's §2241 petition and the separate judgment order both were mailed by court staff on June 24, 2015, the date they were entered, to defendant's listed address at the time, which was at the Luzerne County Correctional Facility (LCCF) at 99 Water Street in Wilkes-Barre, Pennsylvania. Defendant concedes in his affidavit that he was in fact at LCCF at that time. Accordingly, petitioner was served notice within the meaning of Rule 77(d)(1) and Rule 5(b)(2)(c) when the orders were mailed to petitioner at LCCF on June 24, 2015. Because he cannot satisfy the first requirement of Rule 4(a)(6), this court may not reopen the time period in which petitioner may file an appeal. *See* Cromwell, 2014 WL 5439783 at *3 (plaintiff not entitled to relief under Rule 4(a)(6) when he received notice of order within meaning of Federal Rules of Civil Procedure when clerk mailed it to plaintiff's last known address).

Although petitioner asserts in his affidavit that he did not actually receive the order until September 28, 2015, his bald assertions, without more, do not demonstrate that he did not, particularly where he concedes that he was housed at LCCF at the time. Petitioner's statement is not notarized, bears no signature of any witness and is unsupported by any corroborating evidence of any kind.

In any event, pursuant to Fed. R. Civ. P. 77(d), "lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." "'Implicit in this rule is the notion that parties have a duty to inquire periodically into the status of their litigation.'" Bazuaye v. Chertoff, 230 F. App'x 136, 137-38 (3d Cir.

2007)(*quoting* Nguyen v. Southwest Leasing and Rental Inc., 282 F.3d 1061, 1066 (9th Cir.2002)). These policy rationales govern even in cases where the aggrieved party is proceeding *pro se*. See Clark v. Lavallie, 204 F.3d 1038, 1041 (10th Cir. 2000)("The essence of Rule 4(a)(6) is finality of judgment. While application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement without distinction between counseled and uncounseled cases.")

Thus, Rule 77(d) is designed to encourage parties to diligently monitor the status of their cases so as to protect their appellate rights. Baker v. United States, 534 F. Supp. 2d 578, 582 (W.D. Pa. 2008), *aff'd*, 670 F.3d 448 (3d Cir. 2012). Here, petitioner indicates in his affidavit that he was aware that his motion "probably" had been denied, but he nevertheless waited until late September, more than a month beyond the allowable time period to file an appeal, to request a copy of the order from the clerk's office. Under these circumstances, the court does not believe that plaintiff's ability to file a notice of appeal within the allotted time period was "compromised through no fault of [his] own." Cromwell, 2014 WL 5439783 at *3. Instead, petitioner was served notice of the orders as required under Rules 77(d) and 5(b)(2)(c) when they were mailed to his last known address and, even accepting, *solely* for the sake of argument, petitioner's bald assertions that he did not receive them, he nevertheless failed to diligently monitor the status of his case, despite the fact that he concedes that he was aware that his petition "probably had been denied."

Because petitioner has not met the criteria of the limited safety net provided by Rule 4(a)(6) of the Federal Rules of Appellate Procedure for re-opening the time for appeal, his motion to re-open will be denied.

AO 72
(Rev. 8/82)

An appropriate order follows.

## ORDER OF COURT

AND NOW, this __8th__ day of August, 2016, IT IS ORDERED that petitioner's "affidavit of timeliness" (Document No. 23-1), which this court liberally has construed as a motion to re-open the time to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, be, and the same hereby is, **denied**.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc:  Andre Lee Jacobs
     Reg. No. 04794-068
     SCI-Albion (DQ 5437)
     10475 Albion, Rt. 18
     Albion, PA 16475

7